GAIL M. STANDISH *v.* JONATHAN K. STANDISH
(14079)

O'Connell, Landau and Spallone, Js.

Argued November 27, 1995—decision released February 13, 1996

*C. Michael Budlong,* with whom were *Susan M. Butler* and, on the brief, *Kathleen A. Murrett,* for the appellant (plaintiff).

*Glenn E. Coe,* for the appellee (defendant).

SPALLONE, J. In this marital dissolution action, the plaintiff appeals from certain financial awards by the trial court. The plaintiff contends that the trial court improperly (1) modified its orders in an amended memorandum of decision in response to a motion for articulation, (2) exercised its discretion in making an order of property distribution, and (3) vacated an order requiring the maintenance of life insurance by the defendant for the benefit of the plaintiff.

On September 19, 1994, after a full trial of the dissolution action, the court entered an order of dissolution as well as certain financial orders. The financial orders included the following: that the marital home be sold, that the plaintiff sign a joint tax return for 1991, that the plaintiff retain certain gifts of stock and the interest in a home in Pine Orchard, Connecticut, that the defendant retain certain antique furniture, china and silver,

that the defendant pay certain alimony, that the defendant maintain the plaintiff on his health insurance for three years, that the defendant maintain life insurance with the plaintiff as primary irrevocable beneficiary, that certain automobiles be sold, and that legal expenses be borne by the respective parties. On October 7, 1994, the plaintiff filed an appeal of the judgment as well as a motion for articulation. On December 8, 1994, the court held a hearing on the motion for articulation. No testimony was heard and no new evidence was either elicited or entered into the record.

The court issued an amended memorandum of decision on December 14, 1994, and rendered a judgment thereon on December 19, 1994. The amended memorandum of decision and judgment vacated, modified and amended certain of the trial court's original orders, including financial orders. The trial court's judgment, inter alia, vacated the original alimony orders and entered a new alimony order that altered the property distribution, ordered that the plaintiff make all payments on the first mortgage and vacated an order that the defendant maintain a life insurance policy for the benefit of the plaintiff. The court stated: "[T]his court feels that in order to effectuate justice as to be equitable to the parties it must correct certain omissions from the Memorandum of September 19, 1994, and modify or vacate certain of its orders." At the time of the court's decision, however, there was neither a motion for modification before the court, nor a showing or a finding by the court of a substantial change in circumstances. The amended memorandum of decision and the judgment thereon were issued solely in response to the motion for articulation.

On December 27, 1994, the plaintiff filed with this court a motion for review of the trial court's decision on the motion for articulation. The court granted the motion for review on February 8, 1995, but denied the

relief requested. In addition, the court sua sponte ordered that an amended appeal could be filed including claims arising from the judgment and modification of December 19, 1994. The plaintiff filed an amended appeal on February 28, 1995.

A motion for articulation "is not an opportunity for a trial court to substitute a new decision . . . [for] a prior decision." *Koper* v. *Koper*, 17 Conn. App. 480, 484, 553 A.2d 1162 (1989). A substantial change in circumstances is required to justify the modification of a final judgment of dissolution. General Statutes § 46b-86. Because the only motion before the court was a motion for articulation and because the court failed to make a finding of a substantial change in circumstances, the trial court's action vacating, modifying and amending its original dissolution orders was improper.

The defendant concedes that the trial court's decision improperly modified its original decision with respect to alimony, payment of presale home expenses, life insurance and the 1991 tax return. The defendant argues, however, that although a remand is required, a new trial is unnecessary. We disagree.

Financial orders in a dissolution decree are crafted on the basis of statutory mandates and equitable considerations and as such are subject to the balancing of equities, which requires a careful consideration of the effect each order has on another; the orders are interwoven and interdependent on each other. "The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other." *Ehrenkranz* v. *Ehrenkranz*, 2 Conn. App. 416, 424, 479 A.2d 826 (1984); *Sunbury* v. *Sunbury*, 210 Conn. 170, 175, 553 A.2d 612 (1989); see also *Jaser* v. *Jaser*, 37 Conn. App. 194, 205, 655 A.2d 790 (1995); *Tremaine* v. *Tremaine*, 34 Conn. App. 785, 792, 643 A.2d 1291 (1994). We find that the

trial court's amended memorandum of decision and the judgment rendered thereon were improper and "severely impact[ed] the trial court's original judgment. The singular implication to be drawn from the trial court's willingness to modify the judgment is that the judgment was based on an incomplete analysis of the pertinent facts. . . . The symmetry and harmony of the tiles in the original design were so disturbed by the modification that we must reverse the original judgment and order a new trial." (Citations omitted.) *Jaser* v. *Jaser*, supra, 205.

The judgment is reversed as to all orders except the order dissolving the parties' marriage and the case is remanded for a new trial on all of the remaining issues.

In this opinion the other judges concurred.