[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a "Motion to Reargue/Clarify" various aspects of my memorandum of decision dissolving the parties' marriage and entering certain financial orders. At my direction the parties have briefed the issue of my authority to reconsider any of the orders I entered, in response to the plaintiff's motion.
Obviously, a motion to clarify permits nothing more than what it suggests, a clarification not an alteration of orders entered. See Rosato v. Rosato, 40 Conn. App. 533 (1996). The Appellate Court, however, recognized in Jaser v. Jaser,37 Conn. App. 194, 202-03 (1995), the place of a motion to reargue in bringing to a trial court's attention "that . . . there has been a misapprehension of facts" in its decision. (Internal quotation marks omitted.) It equates a motion to reargue with a motion to reconsider, which "implies reexamination and possibly a different decision by the [court] which initially decided it." (Citations omitted.) That is clearly what the plaintiff is requesting, and Jaser indicates that I have the authority to consider and grant such relief as I think is warranted in my earlier orders. See also Thompson Electric Co. v. Wesco, Inc.,24 Conn. App. 758, 759 (1991); P.B. Secs. 204A, 204B. CT Page 8298
In effect, I granted the plaintiff's motion to reargue by hearing argument from him and the defendant on August 27, 1997. The remaining question is whether to grant any of the specific relief requested.
Having reviewed my notes of the testimony offered at trial and the court file, including my memorandum of decision, in light of the parties' arguments, I conclude that there is only one order which bears reexamination, the order that the plaintiff make a contribution to the defendant's counsel fees. Sec. 46b-62, C.G.S., requires the court in a dissolution action to consider the parties' "respective financial abilities" as well as the factors in Sec. 46b-82 in making an award of counsel fees. While I did so in this case, it appears that the factual basis of my award was mistaken.
On July 15, 1997 the defendant testified that she had recently paid her counsel $5,000 toward her counsel fees. There appears to have been no testimony of other payments to this counsel. Counsel's affidavit of counsel fees, signed and sworn to on July 24, 1997, reflects four payments by the defendant over the period of February 1996 through June 1997, totaling $12,173.10. Without attributing to either the plaintiff or her counsel any impropriety (which I certainly do not), I conclude that this impacts on my finding as to the respective financial abilities of the parties to pay counsel fees. In view of this development I have reconsidered my order as to counsel fees (paragraph 12) and set aside that order and enter in its stead an order that the plaintiff pay to the defendant as a contribution to her counsel fees the sum or $5,000 within 180 days of the date of dissolution.
Further, I have reexamined all of my other orders in light of this change and in light of all the statutory factors, and I conclude that it does not so upset the "symmetry and harmony" of my original "mosaic", Jaser v. Jaser, op. cit.supra, 205, as to require any change in other orders entered in my memorandum.
Accordingly, all other relief requested in the plaintiff's motion to reargue/clarify is denied.[1]
BY THE COURT
SHORTALL CT Page 8299