[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I granted the plaintiff's motion to reargue certain of the orders I entered in a memorandum of decision of June 2, 1997 in connection with the dissolution of the parties' marriage. Having heard argument from counsel for both parties on September 17, 1997, the remaining issue is whether I should grant any of the specific relief requested.
The Appellate Court, in Jaser v. Jaser, 37 Conn. App. 194,202-03 (1995), has equated a motion to reargue with a motion to reconsider, which permits the trial court to grant such relief, if any, as the court thinks is warranted in its earlier orders. See also P.B. secs. 204A and 204B. Having reviewed my earlier orders in light of the arguments of counsel, I conclude that there are two orders which require minor changes. CT Page 8454
Regarding the plaintiff's share of the defendant's pension, if the share ordered to be paid to her cannot be paid until some future date because of limitations imposed by the defendant's employer, she shall be entitled to interest at 4% per year from the date of dissolution to the date of payment.
Regarding the note payable to the plaintiff pursuant to paragraph 5 of the orders contained in the memorandum of decision of June 2, 1997, the provision that it be non-interest bearing is set aside and in its stead it is ordered that the note bear interest at the rate of 6% annually. All other provisions of that paragraph remain unchanged.
I have examined all of my other orders in light of these changes and in light of all the statutory factors, and I conclude that these changes do not so upset the "symmetry and harmony" of my original "mosaic", Jaser v. Jaser, op. cit. supra, 205, as to require any change in any of the other orders entered in my memorandum.
Accordingly, all other relief requested in the plaintiff's motion to reargue is denied.
Shortall, J.