[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR ARTICULATION
On June 20, 1997, this case was dismissed pursuant to Practice Book § 251 and the court's semiannual dormancy program. In May of that year, the plaintiff had filed a motion for default for failure to plead which reached the non-arguable short calendar on July 2, 1997 and was granted on the papers at that time by the court, Celotto J., who sua sponte vacated that order on July 28 after having been made aware of the fact that the case had been dismissed in June.
The file, thereafter, reflects the filing, on August 11, 1997, of an "Objection to Motion To Set Aside Dismissal", based CT Page 1668 on substantive grounds and a procedural claim that the motion should have been accompanied by a Practice Book § 377 affidavit, but the motion to which it refers is nowhere to be found in the file. There is, however, a "Motion to Open Pursuant to Section 326", which was filed on August 26, 1997. In this motion, the plaintiff states that he "hereby motions this court, for the second time, to open a judgment of dismissal entered by the court June 20th, 1997 pursuant to me dormancy docket." This motion recites no reasons either for having allowed the default to enter or for opening the judgment, although it does state that the "motion is timely, and despite Judge Celotto's ruling, granting our motion for default, plaintiff grudgingly pays the opening fee in an effort to get this case moving." On November 24, 1997, the undersigned sustained the defendants' objection to the missing first motion, treating it as applicable to the Motion to Open filed on August 26, 1997, which the undersigned denied in the absence of any reasons whatever having been offered by the plaintiff for opening the dismissal.
On December 8, 1997, the plaintiff filed a "Motion to Reconsider." He enclosed what he described as a Practice Book § 377 affidavit by his counsel, which, however, also provided no discernible basis for opening the dismissal. The Plaintiff's attorney's affidavit stated, in pertinent part:
 . . . Plaintiff's counsel actually believes this case should have been resolved by summary judgment, but Judge McMahon did not grant our motion . . . the defendant filed a request to revise, and plaintiff has objected to that request . . . plaintiff's counsel believed that if action was not properly taken by either party on these pending motions, that pursuant to Practice Book § 211A(b) that said inaction could be viewed as a waiver and default may enter . . . in fact, plaintiff's counsel has been successful in this regard in Bridgeport . . . plaintiff's counsel was under what appears to be the mistaken belief that said action could be a waiver of said pending motions.
Plaintiff thus bemoans his predicament and blames the failure of the case to be resolved in his favor on certain judges of this court, but he does not offer an explanation as to why, for example, with a dormancy dismissal pending and the pleadings not CT Page 1669 yet closed, he neglected to file a motion seeking to exempt his case from dormancy dismissal and citing any factors he thought might have justified the granting of a such a motion. The most that the plaintiff offers is his mistaken impression of the law, fueled by his self-reported success in Bridgeport, but this does not amount to excuse for his neglect.
The defendant objected to the Motion to Reconsider, in part because the motion should have been styled as a "Motion to Reargue", and in part because the documents submitted in connection with the purported motion to reconsider were filed more than four months after the date of the judgment. The defendant thus contended that it was improper to consider this motion at all. This court viewed the first issue as an elevation of form over substance and elected to construe the "Motion to Reconsider" as a "Motion to Reargue". The purpose of such a motion is "to demonstrate to the court that there is some decision or some principal of law which would have a controlling effect, and which has been overlooked, or that there has been amisapprehension of facts." Jaser v. Jaser, 37 Conn. App. 194,655 A.2d 790 (1995), quoting In Re: Hooker's Estate, 174 Misc. 515,18 N.Y.S.2d 107 (1940). (Emphasis added). Although the plaintiff did not offer any new law, he did make an effort to articulate facts that were absent from the original motion to open (or, perhaps, motions, although, only one has been found in the file). The court, therefore, viewed this motion as timely. On January 15, 1998, this court granted the plaintiff's Motion to Reconsider the denial of his motion to open, because it did purport to raise issues not included in the original motion, It denied the requested relief, however, the opening of the judgment of dismissal, because none of what the plaintiff offered served to excuse his neglect.
On January 9, 1998, the plaintiff moved yet again to reconsider, apparently in the mistaken belief that denial of the December 8, 1997 Motion to Reconsider was based on the failure to file a Practice Book § 377 affidavit, which is not the case. The court agrees with the plaintiff that Practice Book § 326, and not Practice Book § 377, governs dormancy dismissals. Whether in affidavit form or not, however, the plaintiff still has the obligation of presenting the court with information that would tend to excuse his neglect. It was because the plaintiff had failed to produce such information in any of his pleadings, and not because of the absence of a § 377 affidavit, that the undersigned denied his previous motions and, on January 15, 1998, CT Page 1670 this last "Motion to Reconsider".
On January 15, 1998, the plaintiff filed the instant "Motion to Articulate." That motion is granted, and this Memorandum of Decision shall serve as the requested articulation.
Jonathan E. Silbert, Judge