[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE: PLAINTIFF'S MOTION FOR RECONSIDERATION (FILE #122)
Before the court is the motion for reconsideration (#122), defendant's objection (#123), and plaintiff's answer to the objection (filed 5/26/98, not coded).
A motion for reconsideration equates to a motion for reargument. Peterson v. Petersen, Superior Court, judicial district of Hartford/New Britain (9/19/97). A reargument serves the purpose of demonstrating to the court "`that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts.'" Jaser v. Jaser, 37 Conn. App. 194,202 (1995). See also: Chartouni v. Exxon Corporation, Superior Court, judicial district of Danbury (10/26/95). The motion to reargue is governed by Practice Book Section 11-12.[1] Under said CT Page 7142 section, the motion to reargue is untimely.
The court has reviewed its memorandum of decision dated (and filed) March 10, 1998; it is concluded that the grounds set forth therein for the dismissal of this action, arrived at after the conducting of an evidentiary hearing, have continued application. Plaintiff now attempts to cure the defect, after the action has been dismissed, by noticing the insurance commissioner. She fails to provide new evidence that, prior to the dismissal, she had complied with the statutory requirement for service and court orders. The action has been dismissed, and plaintiff's present remedies are refiling (new action) or appealing the legal basis for the 3/10/98 dismissal.[2]
The motion for reconsideration (#122) is hereby denied, and defendant's objection (#123) is, for the reasons stated,sustained.[3]
Mulcahy, J.