[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This marriage was dissolved by a judgment of this court dated October 20, 1999. The defendant moved on November 5, 1999 to reargue and clarify the judgment, citing an arithmetic error on the part of the court. I granted the motion to reargue. The question before me now is whether to grant the specific relief requested.
In the judgment, I calculated the assets of the parties and ordered a distribution. In making that order, I noted the following: "The intention and result of this order is to equalize the assets the parties possess (except as otherwise provided herein), after taking into account the fact that the wife already received $28,300 by virtue of sums she spent from marital assets she took in May of 1997." However, in adding the assets, I made an arithmetic error. The result of that error was that the order dividing the financial assets did not result in the equal division contemplated by the judgment.
The court has both the authority and obligation to review its decisions when faced with the possibility ". . . that there has been some decision or some principal of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts." Jaser v. Jaser,37 Conn. App. 194, 202 (1995). Indeed, if the court were not able to revisit a matter to correct a factual error such as an error in addition, the appellate process would be overburdened. Moreover, in this case, there is no claim that the court did not find the correct amount of each of the individual assets which the court intended to divide, but only that in adding those assets the court came to an incorrect total.
The court must grant the relief requested in the defendant's motion to reargue and clarify in order to achieve the intent of its original decision. The correct total of the financial assets in the husband's name is $337,649. The correct total of the financial assets in the wife's name is $223,177. The total CT Page 16575 combined financial assets of the parties is therefore $560,826. In addition, the wife previously received and spent $28,300 in marital assets. Thus, the total amount of assets which the court considered in making the intended equal distribution was $589,126. In order to achieve the intended division of the financial assets, therefore, the judgment is corrected to provide that the husband is to transfer to the wife the sum of $43,086 from his Fleet IRA by way of Qualified Domestic Relations Order. This is to be in addition to all other sums he was required to pay by the other provisions of the judgment. In all other respects the judgment shall remain unchanged.
The plaintiff has requested that the court review its orders with respect to her claim that the husband had "hidden" a substantial sum in motor vehicle equity. The court declines to do so, having taken that information into consideration in fashioning the original judgment.
The court finds that the modification of this order as set forth herein does not upset the symmetry and harmony of the original mosaic of the judgment. Jaser v. Jaser, supra, 205. Rather, this modification corrects an arithmetic error but preserves the intention of the original judgment
The judgment will be modified accordingly. The plaintiff will prepare a judgment file within thirty days to include the terms of the judgment of October 20, 1999 as corrected herein.
BY THE COURT,
GRUENDEL, J.