[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON ATTORNEY FOR MINOR CHILD'S MOTION TO REARGUE
CT Page 10288
The Court, after a contested trial, submitted a Memorandum of Decision dated June 12, 2000. As a result of said decision, Frank Santy, counsel for the minor child, Justin Harpie, filed a motion for reargument dated June 22, 2000. Counsel for the minor child requested that the Court correct its judgment to provide for an additional $2,000.00 attorney's fees payable by the defendant to the counsel for the minor child. Said sum reflects a portion of the pre-bankruptcy petition attorney's fees allocated to the defendant but not ordered to be paid due to a filing of the bankruptcy petition. Said fees were previously found necessaiy and reasonable in amount.
The Court held a hearing on August 14, 2000 wherein counsel for the minor child and Mrs. Harpie appeared pro se providing the Court with documentary evidence and oral argument. After reviewing the exhibits, memorandum of decision and argument of the counsel for the minor child and the defendant, the Court hereby concludes that it inappropriately relied upon a post-hearing exhibit submitted by counsel for the plaintiff along with correspondence dated May 10, 2000. Said post hearing exhibit was a discharge of debtor ordered by the United States Bankruptcy Court on May 2, 2000.
The Court incorrectly assumed that all of the plaintiffs pre-petition debts (which parenthetically included attorney's fees owed to Mr. Santy) were in fact discharged in bankruptcy. It was brought to the attention of the Court by Mr. Santy at the August 14, 2000 hearing that his pre-petition attorney's fees are still the subject of a contested complaint where counsel for the minor child contested the dischargeability of pre-petition attorney's fees owed to him by the defendant. (Attorney for the Minor Child's Exhibit #1).
The Court hereby concludes that the judgment must be corrected to reflect that the defendant owes an additional $2,000.00 for pre-petition attorney's fees to the attorney for the minor child Frank Santy subject to the Federal Bankruptcy Court's determination as to whether said debt is discharged.
The Court hereby corrects its judgment to include language ordering the defendant to pay an additional sum of $2,000.00 in attorney's fees to Frank Santy, attorney for the minor child subject to the Federal CT Page 10289 Bankruptcy Court's determination as to the dischargeability of said amount after trial of the complaint objecting to discharge of said debt. The Court further concludes that correction to this attorney's fees order in said judgment does not upset the symmetry and harmony of the original mosaic of said judgment. Jasen v. Jasen, 37 Conn. App. 194 (1995).