KENNETH VON KOHORN *v.* SUSAN E. VON KOHORN
(AC 32504)

Robinson, Bear and Dupont, Js.

Argued October 20—officially released December 27, 2011

*Kenneth J. Bartschi*, with whom were *Sandra M. Bevans* and, on the brief, *Susan A. Moch*, for the appellant (defendant).

*Samuel V. Schoonmaker IV*, with whom was *Wendy Dunne DiChristina*, for the appellee (plaintiff).

*Opinion*

ROBINSON, J. The defendant, Susan E. Von Kohorn, appeals from the judgment of the trial court rendered in response to a motion to reargue and for clarification filed by the plaintiff, Kenneth Von Kohorn, regarding financial orders incident to a judgment of dissolution of marriage. The defendant claims on appeal that (1) the court abused its discretion when it modified sua sponte the existing alimony order from a lifetime award to a term of eight years when such relief was not sought by the plaintiff in his postjudgment motion and (2) the record was inadequate to support an award of alimony limited to a term of eight years. We agree that the court

abused its discretion in modifying the alimony award sua sponte and reverse in part the judgment of the court.

The record reveals the following facts and procedural history. The plaintiff and the defendant married in 1979. The parties raised four children, now all adults. The plaintiff owns and runs a successful investment advisory firm. In recent years, the plaintiff hired his nephew to work at the firm, and the nephew became a 40 percent partner. The defendant never worked outside the home. Both parties are good parents and providers, and they are both in good health. The plaintiff is currently in his early sixties and the defendant is approximately six years younger.

On January 12, 2009, the plaintiff commenced the underlying marital dissolution action, alleging that the marriage had broken down irretrievably with no hope of reconciliation. On May 28, 2010, the court issued a memorandum of decision dissolving the parties' marriage. The court stated that this was an unusual case because there was no evidence indicating the cause of the marital breakdown. The court rendered various financial orders, including an order that the plaintiff pay the defendant "during his lifetime and until her death" alimony consisting of 25 percent of all gross income up to $1 million and 20 percent of all gross income over $1 million up to $2 million, with any income the plaintiff earned in excess of $2 million to be free from any claim of the defendant.

On June 15, 2010, the plaintiff filed a motion titled "motion to reargue and for clarification, post judgment." Concerning the court's alimony order, the plaintiff first noted that the court's order did not provide that the alimony payments would terminate upon the earlier of the defendant's cohabitation as defined by General Statutes § 46b-86 (b) or her remarriage. The

plaintiff stated that such provisions are "usual and customary provisions that the [c]ourt probably intended to include." The plaintiff further stated that the defendant never asked the court to exclude those provisions from its order. By way of relief, the plaintiff's motion stated: "The [p]laintiff respectfully asks the [c]ourt to clarify the [d]ecision and expressly provide that alimony shall also terminate upon the earlier of the [d]efendant's cohabitation as defined by statute or upon her remarriage. If the [c]ourt intentionally drafted the alimony order as written, thus excluding cohabitation and remarriage as alimony termination events, then the [p]laintiff respectfully moves for reargument of such provisions." On June 17, 2010, the defendant filed an objection to the plaintiff's motion to reargue and for clarification, in which she argued that clarification or reargument of the alimony order was unnecessary and inappropriate.

On July 13, 2010, the court issued an order granting the plaintiff's motion to reargue that provided in relevant part: "[T]he judgment *is clarified* as follows: Alimony shall be modified or terminated upon the defendant's cohabitation as provided by [General Statutes] § 46b-86 (b). Alimony shall terminate upon defendant's remarriage *or eight years from date of judgment.*" (Emphasis added.) This appeal followed.[1]

The defendant first claims that the court abused its discretion when it modified sua sponte the existing

---

[1] The defendant filed a motion for articulation asking, among other things, that the court provide the factual and legal basis for its modification of the alimony award from a lifetime award to an eight year term. The court initially denied the motion for articulation in its entirety, but later issued an articulation that appears to address the basis for its sua sponte modification order. The articulation provides: "The court carefully reconsidered the claims of the parties as well as the claims for relief and affidavits that had been submitted. The ages of the parties were also considered. The court also reconsidered the claim that the plaintiff had transferred a substantial part of his business to his nephew and was not making the same commitment to the existing business."

alimony order from a lifetime award to a term of eight years where such relief was not requested by the plaintiff in his motion to reargue and for clarification. Because we agree with the defendant that the court's modification was improper and reverse the judgment in part, it is unnecessary to address the defendant's second claim that the record was inadequate to support an award of alimony limited to a term of eight years.

Our standard of review and the law relevant to the defendant's claim on appeal is as follows. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . It is within the province of the trial court to find facts and draw proper inferences from the evidence presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . [T]o conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did." (Internal quotation marks omitted.) *Clark* v. *Clark*, 127 Conn. App. 148, 153–54, 13 A.3d 682, cert. denied, 301 Conn. 914, 19 A.3d 1260 (2011).

"It is well recognized that our courts have inherent power to open, correct and modify judgments, but that authority is restricted by statute and the rules of practice. . . . A motion to open a judgment is governed by General Statutes § 52-212a and Practice Book § 17-4. Section 52-212a provides in relevant part: Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside *unless a motion to open or set aside is filed* within four months following the date on

which it was rendered or passed. . . . Practice Book § 17-4 states essentially the same rule." (Citation omitted; emphasis added; internal quotation marks omitted.) *Richards* v. *Richards*, 78 Conn. App. 734, 739–40, 829 A.2d 60, cert. denied, 266 Conn. 922, 835 A.2d 473 (2003).

In addition to the opening and modifying of a final judgment, Practice Book §§ 11-11 and 63-1 contemplate the filing of a motion seeking reargument of a final judgment. "[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple . . . ." (Citations omitted; internal quotation marks omitted.) *Opoku* v. *Grant*, 63 Conn. App. 686, 692–93, 778 A.2d 981 (2001). In addition to seeking alteration of a judgment, a party may also seek clarification. "[A] motion for clarification is an appropriate procedural vehicle to ensure that the original judgment is properly effectuated. . . . Motions for clarification may not, however, be used to modify or to alter the substantive terms of a prior judgment . . . and we look to the substance of the relief sought by the motion rather than the form to determine whether a motion is properly characterized as one seeking a clarification or a modification." (Citations omitted; internal quotation marks omitted.) *Mickey* v. *Mickey*, 292 Conn. 597, 604–605, 974 A.2d 641 (2009). A court has broad discretion to treat a motion for clarification of a judgment or a motion to reargue a judgment as a motion to open and modify the judgment provided that the motion is filed within the four month period and the substance of the motion and the relief requested therein is sufficient to apprise the nonmovant

of the purpose of the motion. See *Fitzsimons* v. *Fitzsimons,* 116 Conn. App. 449, 455 n.5, 975 A.2d 729 (2009); *Rome* v. *Album,* 73 Conn. App. 103, 111–12, 807 A.2d 1017 (2002).

To determine whether the court in the present case abused its discretion in responding to the plaintiff's postjudgment motion, we look to the relief sought by the plaintiff in the motion in conjunction with the language of the court's response. In the plaintiff's motion, he first explains his belief that it is usual and customary for alimony orders to terminate upon the recipient's cohabitation or remarriage, and that the court likely intended to include such limitations in the original alimony award. He requests that the court correct the apparent omission by clarifying its decision to expressly provide that alimony would terminate upon cohabitation and remarriage. By way of alternative relief, the plaintiff requests that, if the trial court intentionally left out the limitations, the plaintiff would like an opportunity to reargue the alimony award. Nowhere in the plaintiff's motion does he indicate any problem with the lifetime duration of the alimony award. The plaintiff does not ask the court to open the judgment for the purpose of modifying the alimony order from a lifetime award to a term of years, nor does he ask the court to clarify that aspect of the alimony award. Nothing in the plaintiff's motion was sufficient to apprise the defendant that the purpose of the motion was to modify the duration of the alimony award from a lifetime award to a term of eight years so that the defendant properly could respond in an opposition to the motion.

The plaintiff asserts that the court was permitted to change any aspect of the alimony award. We find this argument unavailing. In its July 13, 2010 order, the court did not state that it was opening the judgment, or that it had reconsidered its original alimony award. Instead, the court stated only that it was clarifying its judgment.

We construe this as an indication that the court agreed with the plaintiff that it inadvertently had omitted from its original order the usual limitations terminating alimony upon the defendant's cohabitation or remarriage. The additional provision of the court's order, however, which states that alimony would terminate eight years from the date of the dissolution judgment, cannot be viewed as a clarification. No such clarification was sought, nor is there any indication that such a term was inadvertently omitted from the original order. That additional provision can only be viewed as a modification of the original judgment.

The court, by granting the plaintiff's request for clarification, lacked the authority to alter the substantive terms of the prior judgment beyond those terms that it determined were omitted from the original order. See *Mickey* v. *Mickey*, supra, 292 Conn. 604–605. It also lacked any authority to make substantive changes pursuant to General Statutes § 52-212a or Practice Book §§ 17-4 and 11-11 because the court did not grant reargument of the terms of the alimony orders, and the court reasonably could not have treated the plaintiff's postjudgment motion as a motion to open the judgment and modify the alimony award because such relief was neither directly nor implicitly requested in the postjudgment motion. We conclude that the court's sua sponte alteration of the alimony order from a lifetime award to a term of eight years was an abuse of discretion. Accordingly, we reverse that portion of the court's July 13, 2010 order.

In addition to asking us to reverse the court's sua sponte modification of the original alimony award, the defendant, citing to our decisions in *Jaser* v. *Jaser*, 37 Conn. App. 194, 655 A.2d 790 (1995), and *Standish* v. *Standish*, 40 Conn. App. 298, 670 A.2d 1330 (1996), asks that we order a new trial as to all financial orders. We

conclude that such a remedy is not warranted in the present case.

"The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other." *Ehrenkranz* v. *Ehrenkranz*, 2 Conn. App. 416, 424, 479 A.2d 826 (1984). "[O]ur courts have utilized the mosaic doctrine as a remedial device that allows reviewing courts to remand cases for reconsideration of all financial orders even though the review process might reveal a flaw only in the alimony, property distribution or child support awards." *Casey* v. *Casey*, 82 Conn. App. 378, 389 n.9, 844 A.2d 250 (2004). "Every improper order, however, does not necessarily merit a reconsideration of all of the trial court's financial orders. A financial order is severable when it is not in any way interdependent with other orders and is not improperly based on a factor that is linked to other factors." *Smith* v. *Smith*, 249 Conn. 265, 277, 752 A.2d 1023 (1999).

In *Jaser* and *Standish*, this court determined that the dissolution court improperly had modified multiple aspects of the original financial orders postjudgment, including aspects of the property distribution. We concluded that, in those cases, "[t]he singular implication to be drawn from the trial court's willingness to modify the judgment is that the judgment was based on an incomplete analysis of the pertinent facts. . . . The symmetry and harmony of the tiles in the original design were so disturbed by the modification that we must reverse the original judgment and order a new trial." (Citations omitted.) *Jaser* v. *Jaser*, supra, 37 Conn. App. 205; see also *Standish* v. *Standish*, supra, 40 Conn. App. 302. In the present case, the court only attempted to modify the length of time that alimony was to be paid. It did not attempt to alter any other aspect of the dissolution judgment, leaving unchanged the property distribution and all other financial orders. Our ruling

restores the court's original judgment, which the defendant conceded at oral argument constitutes the carefully crafted mosaic in the present case. We therefore decline the defendant's invitation to remand the present matter for a new trial on all financial orders.

The judgment is reversed only as to the order that alimony shall terminate eight years from the date of the dissolution judgment and the case is remanded with direction to reinstate the award of lifetime alimony. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.