RICHARD BOWMAN *v.* JACK'S AUTO SALES ET AL.
(AC 17380)

O'Connell, C. J., and Lavery and Sullivan, Js.

---

Argued September 28, 1998—officially released July 27, 1999

*David A. Kelly*, with whom, on the brief, was *James J. Moynihan*, for the appellant (named defendant).

*Lorenzo J. Cicchiello*, for the appellee (plaintiff).

*Opinion*

O'CONNELL, C. J. The named defendant, Jack's Auto Sales, appeals[1] from the decision by the workers' compensation review board (board) applying the law of the case to the workers' compensation commissioner's

[1] The plaintiff has also taken an appeal that is reported in *Bowman* v. *Jack's Auto Sales*, 54 Conn. App. 296, 734 A.2d 1040 (1999).

award of benefits pursuant to General Statutes § 31-308a.[2] The defendant[3] also claims that the board improperly held that the plaintiff was entitled to § 31-308a benefits without requiring that he demonstrate that he had been seeking employment. We affirm the decision of the board.

The following facts and procedural history are relevant to this appeal. The plaintiff, Richard Bowman, was initially injured on October 27, 1977, when a battery exploded in his hands during the course of his employment with the defendant. The parties entered into a voluntary agreement that was approved by the commissioner on December 11, 1981, pursuant to which the plaintiff was awarded a 10 percent permanent partial disability of both hands. Thereafter, on April 30, 1993, the commissioner issued a finding and award pursuant to § 31-308a in which he determined that the plaintiff had suffered an increase in his permanent partial disability due to dermatitis to the hands and increased the original award to 78 weeks of impairment benefits, with a 48.4 week credit to the defendant for payments made to the plaintiff pursuant to the voluntary agreement. The commissioner awarded benefits despite explicitly finding that the plaintiff had not looked for work since January, 1987.

The plaintiff appealed to the board from the 1993 ruling. The board affirmed the commissioner's ruling with respect to the award of benefits under § 31-308a, but remanded the case to the commissioner for further proceedings. On remand, the commissioner modified his prior award with respect to the 48.4 week credit, concluding that the 10 percent disability to the plaintiff's

---

[2] General Statutes § 31-308a permits a commissioner to award additional benefits to a claimant whose earning capacity has been affected adversely by a work-related injury.

[3] We refer in this opinion to the defendant employer as the defendant.

hands described in the voluntary agreement was different from the 10 percent disability to the plaintiff's skin assessed by the commissioner in the 1993 award.

The defendant and its workers' compensation insurance carrier appealed to the board from the modified award. The board affirmed the commissioner's award of additional benefits under § 31-308a, but reversed the commissioner's decision regarding the 48.4 week credit. The board opined in its June 18, 1997 decision that the "law of the case" prevented it from revisiting the merits of the award of additional benefits made on remand because the award was only a modification of the award issued in the previous decision and affirmed by the board in the prior appeal. This appeal was taken from that decision.

I

The board held that "the § 31-308a award made by the trier on remand is just a modified version of the same award that was made in the previous decision. Because the trier adjusted his decision on the credit, he consequently moved the commencement date of the § 31-308a award forward. However, the grounds for the award itself are exactly the same as they were in the prior *Bowman* decision. This board has already affirmed the substance of the § 31-308a award for that 104-week time period, and will not readdress the same issue in a subsequent appeal. See *Chase* v. *State of Connecticut/Dept. of Motor Vehicles*, 15 Conn. Workers' Comp. Rev. Op. 292, 294–95, 2185 CRB-2-94-9 (June 20, 1996) (doctrine of 'law of the case' prevents [board] from readdressing questions that were or could have been answered in a previous appeal)."

The defendant claims that the board improperly declined to reach the merits of its appeal because of the law of the case. "That doctrine refers to the binding

effect of a court's prior ruling in the same case. Traditionally the doctrine held that until reversed the ruling would bind the parties and could not again be contested in that suit." 2 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 354, p. 185.

"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." (Citations omitted.) *Breen* v. *Phelps*, 186 Conn. 86, 99, 439 A.2d 1066 (1982); see *State* v. *Arena*, 235 Conn. 67, 80, 663 A.2d 972 (1995); *Miller* v. *Kirshner*, 225 Conn. 185, 191, 621 A.2d 1326 (1993).

The board sits as an appellate tribunal reviewing the decision of the commissioner. "This court follows the well-recognized principle of law that the opinion of an appellate court, so far as it is applicable, establishes the law of the case upon a retrial, and is equally obligatory upon the parties to the action and upon the trial court. . . . The rule is that a determination once made *will be treated as correct throughout all subsequent stages of the proceeding* except when the question comes before a higher court . . . and applies both to remands for new trial . . . and to remands for articulation." (Citations omitted; emphasis added; internal quotation marks omitted.) *State* v. *Daniels*, 209 Conn. 225, 237, 550 A.2d 885 (1988), cert. denied, 489 U.S. 1069, 109 S. Ct. 1349, 103 L. Ed. 2d 817 (1989).

The law of the case has less force at the appellate level than at the trial level. "Even at the appellate level, however, [l]aw of the case should . . . apply unless

there are unusual circumstances, or a compelling reason . . . that would render the doctrine inapplicable. These include (1) substantial new evidence introduced after the first review, (2) a decision of the Supreme Court after the first review that is inconsistent with the decision on that review, and (3) a conviction on the part of the second reviewing court that the decision of the first was clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Pagano* v. *Board of Education*, 4 Conn. App. 1, 11, 492 A.2d 197, cert. denied, 197 Conn. 809, 499 A.2d 60 (1985). Accordingly, "[w]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Internal quotation marks omitted.) *Westbrook* v. *Savin Rock Condominiums Assn., Inc.*, 50 Conn. App. 236, 240, 717 A.2d 789 (1998).

Although we recognize that the law of the case is a procedural device and does not go to the jurisdiction of an appellate tribunal, it is nevertheless necessary to keep the parties from continuing to relitigate issues that have been decided previously. The defendant in this case has not provided any of the reasons articulated in *Pagano* to support its contention that the law of the case should not prevent the relitigation before the board of the merits of the additional award of benefits. We conclude, therefore, that under this doctrine the board properly treated its prior decision with respect to the award of benefits under the act as the law of the case.

II

The defendant next claims that the board improperly affirmed the commissioner's award of § 31-308a benefits when the plaintiff admittedly had not sought any alternative employment. As we discussed previously, the board properly declined to review its prior decision

regarding the award of § 31-308a benefits under the doctrine of the law of the case. As a higher appellate tribunal, however, we are not precluded by the law of the case doctrine from considering the propriety of the § 31-308a award. *State* v. *Daniels,* supra, 209 Conn. 237 (law of case applies to all subsequent proceedings except when question comes before higher court). We will, therefore, address the merits of this claim.

Once a specific indemnity award has been exhausted, § 31-308a permits the commissioner to award benefits to a claimant whose earning capacity has been affected adversely by a work-related accident. In determining the duration and amount of such award, the commissioner is required to consider the "nature and extent of the injury, the training, education and experience of the employee [and] the availability of work for persons with such physical condition and at the employee's age . . . ." *Lageux* v. *Rene Dry Wall Co.,* 9 Conn. Workers' Comp. Rev. Op. 177, 180 (1991). Absent an abuse of discretion, the board will not reverse a commissioner's § 31-308a award. *Burgos* v. *United Technologies/Sikorsky Aircraft Division,* 12 Conn. Workers' Comp. Rev. Op. 204, 206 (1994).

In this case, the commissioner properly considered the plaintiff's limited education, reading and mathematics skills, the severity of the plaintiff's injury and the impact of the plaintiff's injuries on his ability to engage in employment. The commissioner also considered the plaintiff's failure to look for work after leaving his last job due to problems associated with his compensable injury, but concluded that such failure did not, in light of the other factors considered, preclude the award of § 31-308a benefits. While the performance of a job search has been accepted as an evidentiary basis to demonstrate the willingness to work, the statute does not specifically require a claimant to seek employment

to qualify for a discretionary award of benefits. *Goncalves* v. *Cornwall & Patterson,* 10 Conn. Workers' Comp. Rev. Op. 43, 45 (1992). "Other evidentiary means may also be used to fulfill that requirement." *Ronzone* v. *Connecticut Fine Blanking Corp.*, 3522 CRB-4-97-1 (May 15, 1998). We conclude, therefore, that the board properly determined that the commissioner had not abused his discretion in awarding the plaintiff § 31-308a benefits and, accordingly, affirmed the award.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.