[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is a medical malpractice action brought by the plaintiff, John Dawson, as executor of the estate of his late wife, Mary Dawson, against the defendants, Paul Kuehn, M.D., Andrew Salner, M.D., Hartford Radiation Oncology Associates, P.C., Kenneth Kern, M.D. and Kern Surgical Practice, P.C. The plaintiff alleges, in his second revised complaint dated October 3, 2001, that the defendants were negligent in treating his wife for cancer and that this negligence resulted in her death.
On October 18, 2001, Kern and Kern Surgical Practice, P.C., filed a revised answer to the plaintiff's second revised complaint, asserting in a special defense that the plaintiff's claims are time-barred by the provisions of General Statutes § 52-584. On October 22, 2001, the plaintiff filed this motion to strike the defendants' statute of limitations special defense.
 -I-
The plaintiff moves to strike the defendants' special defense on the ground that General Statutes § 52-555, rather than § 52-584, is the applicable statute of limitations and, therefore, the plaintiff's claims are not time-barred. Further, the plaintiff argues that the court, Rittenband, J., in ruling on Salner's and Hartford Radiation Oncology Associates, P.C.'s previous motion for summary judgment on August 2, 2001, established the law of the case. Dawson v. Kuehn,47 Conn. Sup. 241 (2001). These codefendants had moved for summary judgment on the basis that the plaintiff's claims were time-barred pursuant to § 52-584 and the court and § 52-555 applied in this CT Page 1991 case rather than § 52-584. Subsequently the plaintiff on August 13, 2001, moved to strike Salner's and Hartford Radiation Oncology Associates, P.C.'s revised special defense, which asserted that §52-584 barred the plaintiff's action against them. The court, Peck J.,
granted the motion to strike on September 10, 2001.
"[W]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Statev. Casanova, 255 Conn. 581, 589 n. 8, 767 A.2d 1189 (2001); see alsoBowman v. Jack's Auto Sales, 54 Conn. App. 289, 294 (1999). It has been previously determined in this case that the applicable statute of limitations is the period prescribed by § 52-555 and the defendants have not presented any new or overriding circumstance for this court to consider with regard to the operation of § 52-555. See Jones andAssociates v. Gilroy, Superior Court, judicial district of Waterbury, Docket No. 140199 (July 17, 2000, West, J.) in which plaintiff's motion to strike a special defense was granted because the court already determined that plaintiff complied with statute of limitations and defendant did not provide new or overriding circumstance for different result.
 -II-
Quite aside from the principle that this court should treat this previous ruling as the law of the case it is clear to this court that the applicable statute of limitations period in this case rendered in General Statutes § 52-555 . . .
General Statutes § 52-555 (a), governing actions for injuries resulting in death, provides in relevant part that "no action shall be brought . . . but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of" The plaintiff's decedent was referred to the defendants on or about December 1, 1997. She died on April 9, 1999. The plaintiff served process to the defendants on April 2, 2001. The plaintiff brought this action against the defendant within two years from the date of death and within five years from the date of the act or omission complained of well within the statute of limitations period.
Since defendants' special defense is legally insufficient, the plaintiff's motion to strike is granted.
Wagner, TJR CT Page 1992