LISA ROME *v.* MICHAEL ALBUM
(AC 21649)

Dranginis, Flynn and Daly, Js.

Argued June 10—officially released October 22, 2002

*Alan Scott Pickel*, with whom, on the brief, was *Laura-Ann Simmons*, for the appellant (plaintiff).

*Gaetano Ferro*, with whom, on the brief, was *Norman A. Roberts II*, for the appellee (defendant).

*Opinion*

FLYNN, J. This case involves the court's dissolution of the marriage of the plaintiff, Lisa Rome, to the defendant, Michael Album. The defendant filed a motion to clarify within four months after the court rendered the judgment of dissolution. The plaintiff appeals from the court's granting of the defendant's postjudgment motion as to certain property which the court found in its initial memorandum of decision should be awarded to the plaintiff but was not awarded in the court's original judgment.[1] The plaintiff claims that the court modi-

---

[1] The defendant's motion requested a clarification as to three items: (1) when the defendant was to receive his share of the appreciation of certain securities owned by the plaintiff, (2) which of the parties was to bear the responsibility for preparation fees and penalties connected with the parties' 1999 tax returns and (3) the date from which interest would begin to run with respect to the refinancing or sale of the marital residence. The court granted the defendant's motion only as to the first item, the securities account. The plaintiff appeals from the court's granting of the defendant's first requested clarification. Neither party is appealing from the court's denial of the other two items.

fied rather than clarified the property distribution after the time of rendering the dissolution decree, thus violating General Statutes § 46b-81 (a). The plaintiff argues that the court did not have the authority to modify the distribution of property in the absence of a motion to open or to set aside the judgment. The issue on appeal is whether the court properly exercised authority based on a motion to clarify to timely correct a judicial omission in the judgment to effect a prejudgment written finding as to the disposition of certain assets. We affirm the judgment of the trial court.

The following facts are relevant on appeal. The plaintiff and the defendant were married on June 2, 1982. On January 7, 1997, the plaintiff instituted the present action requesting dissolution of the marriage. A trial commenced on September 6, 2000, and the court rendered judgment dissolving the marriage and dividing the marital estate pursuant to § 46b-81 (a) pursuant to a written memorandum of decision dated October 27, 2000 (decision I).

Decision I is divided into three sections. The first section sets forth the background of the parties and the property owned by them as well as the history of the marriage based on the testimony of the parties before the court.

The second section is entitled "Findings." In this second section, the court made findings of fact and conclusions of law based on the evidence presented at trial and the factors enumerated in General Statutes §§ 46b-40, 46b-51, 46b-62, 46b-63, 46b-81 and 46b-82. Of particular note in this appeal is paragraph eleven, in which the court found as follows: "That the [plaintiff] is the current owner of certain securities accounts having a total value of approximately $131,000 and that the genesis of these accounts was a certain Dreyfus Liquid Assets Account which the [plaintiff] brought to the mar-

riage . . . with a balance of approximately $65,000 on June 6, 1984, which, absent evidence as to the exact value of the account as of the date of the marriage, the court has used as a benchmark, and that this sum is not . . . marital property. However, the court makes a further finding that due to the [defendant's] significant and disproportionate contributions to the household throughout the marriage, that it is equitable and appropriate that he share in the appreciation and growth of the securities portfolio during the marriage, and that the court finds that appreciation to be $66,000."

The third and final section of decision I is entitled "Order." In this third section, the court dissolved the marriage and ordered the manner in which the property would be divided between the parties. The court's orders, however, were silent as to the securities account described in paragraph eleven of its findings. In other words, the court did not include the securities account in the order section of decision I.

The defendant filed a motion to clarify on January 3, 2001, a little more than two months after the court rendered judgment. In that motion to clarify, the defendant pointed out the apparent inconsistency between the court's findings and orders regarding the securities account. Specifically, the defendant stated: "The [decision] . . . does not provide when the plaintiff is to pay the defendant for his share of the appreciation in those securities." The defendant's motion requested a clarification of the court's decision that would order the plaintiff to "immediately pay the defendant $33,000, plus interest from October 27, 2000, representing his one-half on the appreciation in the plaintiff's securities . . . ."

On January 12, 2001, the plaintiff objected to the defendant's request on the grounds that (1) the court's orders were not ambiguous, thus obviating the need for a clarification, citing *Rosato* v. *Rosato,* 40 Conn.

App. 533, 671 A.2d 838 (1996), rev'd, 255 Conn. 412, 766 A.2d 429 (2001),[2] and (2) the request would result in an impermissible modification of the property division in that assignments of property can be made only at the time of the dissolution decree, citing *Croke* v. *Croke*, 4 Conn. App. 663, 664–65, 496 A.2d 235 (1985). The court heard argument on the defendant's motion on January 16, 2001.

On February 1, 2001, the court issued a memorandum of decision (decision II) regarding the defendant's motion to clarify. In setting forth the applicable law, the court noted first that motions for clarification are procedurally proper, even though not specifically described in the rules of practice. *Holcombe* v. *Holcombe*, 22 Conn. App. 363, 366, 576 A.2d 1317 (1990). The court cited *Blake* v. *Blake*, 211 Conn. 485, 494, 560 A.2d 396 (1989), for the proposition that "under the common law, judgments may be 'corrected' at any time."[3] Finally, the court stated that "[w]hether the defendant characterizes the motion as one to correct or clarify, the court must examine the practical effect of the ruling. *Jaser* v. *Jaser*, 37 Conn. App. 194, 202, 655 A.2d 790 (1995)."

The court distinguished the present case from *Rosato* v. *Rosato*, supra, 40 Conn. App. 533, which the plaintiff

[2] In *Rosato*, the court stated: "We recognize that this unique case provides very little precedential value, and we hope not to see another of its kind again." *Rosato* v. *Rosato*, 255 Conn. 412, 425, 766 A.2d 429 (2001).

[3] This statement, taken from *Holcombe* v. *Holcombe*, supra, 22 Conn. App. 366, was made in a case involving an actual ambiguity in the court's order as to certain property. The clarification in *Holcombe* "did not alter the property division or result in a modification of the original judgment." Id. It is important to note that the quotation taken from *Holcombe* applies to clerical errors and should not be interpreted to apply to judicial errors. Where judicial error exists, General Statutes § 52-212a imposes a time limit so that a "judgment may not be modified in matters of substance beyond a period of four months after the judgment has become final." *State* v. *Wilson*, 199 Conn. 417, 437, 513 A.2d 620 (1986).

cited in her objection, on two grounds: first, the length of time between the dissolution judgment and the motion to clarify, and, second, the fact that the present case involved an error of omission. The court noted that "barely two months have passed since the entry of the decree" and that the defendant's motion came "while the matter [was] still fresh in everyone's mind . . . ." The court acknowledged that the order section of decision I was silent as to the securities account, but went on to observe that the findings section set forth the court's intent. The court stated, "it is clear that the court intended to divide the [securities account], and that its omission from the order was an oversight." The court then issued a new order in which the court ordered the plaintiff to pay the defendant $33,000, representing one-half of the amount of the appreciation of the securities account during the term of the marriage. The plaintiff subsequently filed the present appeal.

We begin our analysis of the plaintiff's claim by setting forth the standard of review. The plaintiff is challenging the court's general authority under General Statutes § 52-212a to grant the defendant's motion. Because this presents a question of statutory construction, our review is plenary. See *Kim* v. *Magnotta*, 249 Conn. 94, 102–103, 733 A.2d 809 (1999); *Opoku* v. *Grant*, 63 Conn. App. 686, 690, 778 A.2d 981 (2001). Although there is authority for an abuse of discretion standard of review in some cases dealing with motions to clarify; see *Holcombe* v. *Holcombe*, supra, 22 Conn. App. 367; as suggested by the plaintiff, we conclude that the present case involves a question of the court's legal authority to correct an omission in its judgment within four months of its being rendered and therefore our review is plenary.

Before we analyze the areas in which the parties disagree, it will be helpful to list some of the areas in

which the parties are in agreement. First, the parties agree that there was error in decision I when the court's orders were silent as to the securities account, although they disagree about whether an omission of this sort is a clerical or a judicial error. See generally *Blake* v. *Blake*, supra, 211 Conn. 494–95 (distinguishing clerical errors from judicial errors). Second, the parties agree that the court could have modified the dissolution judgment if a motion to open or set aside had been filed within four months of the date that the judgment entered. General Statutes § 52-212a. Third, the parties agree that the defendant's motion was filed "within four months following the date on which [the judgment] was rendered or passed. . . ." General Statutes § 52-212a. Finally, the parties agree that the defendant filed a motion that was labeled a "motion to clarify" rather than a motion to open or set aside. Given the areas in which the parties agree, it becomes clear that the issue before this court is whether the trial court, pursuant to the defendant's motion to clarify, had the authority to issue its postjudgment order.

"Motions for interpretation or clarification, although not specifically described in the rules of practice, are commonly considered by trial courts and are procedurally proper." *Holcombe* v. *Holcombe*, supra, 22 Conn. App. 366. A motion for clarification may be appropriate where there is an ambiguous term in a judgment; *Sablosky* v. *Sablosky*, 258 Conn. 713, 720, 784 A.2d 890 (2001); but, where the movant's request would cause a substantive modification of an existing judgment, a motion to open or to set aside the judgment would normally be necessary. See *Miller* v. *Miller*, 16 Conn. App. 412, 415–16, 547 A.2d 922 (holding that court acted without jurisdiction in substantively modifying existing lump sum alimony award pursuant to motion for clarification), cert. denied, 209 Conn. 823, 552 A.2d 430 (1988).

The issue of the court's authority depends largely on the facts of the present case. When one examines the findings regarding the disputed securities account in decision I, it is beyond dispute that the court unequivocally intended the defendant to share in the appreciation in value of the plaintiff's securities account.

The plaintiff is correct that the proper procedure to be followed where property is absent from the property distribution due to a judicial oversight is to file a motion to open or set aside the judgment within four months.[4] This procedural rule is the result of the interaction of two statutes: § 46b-81 (a), which empowers the court to distribute property at the time of entering a decree annulling or dissolving the marriage,[5] and § 52-212a, which modifies the common-law rule as to the period in which the court may correct a judicial error.[6] See *State* v. *Wilson*, 199 Conn. 417, 436–37, 513 A.2d 620 (1986). The plaintiff, however, did not call the court's attention to the fact that a motion to open rather than a motion to clarify was the proper procedure in a situation such as this. Instead, the plaintiff argued that *any* modification of the property division would be improper.

---

[4] *Goldreyer* v. *Cronan*, 76 Conn. 113, 55 A. 594 (1903), was decided under the common-law rule which required corrections of judgments to be made within the term of the court, rather than within four months of "render[ing] or pass[ing]" of the judgment as General Statutes § 52-212a now provides. Nonetheless, *Goldreyer* is still valuable for the distinction it draws between clerical errors made in recording the court's judgment, which can be corrected at any time upon proper notice to the parties of interest, and judicial errors in rendering a judgment for too small a sum. The former may be corrected at any time. The latter may be corrected only within four months. General Statutes § 52-212a.

[5] General Statutes § 46b-81 (a) provides in relevant part: "At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the Superior Court may assign to either the husband or wife all or any part of the estate of the other. . . ."

[6] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

We turn, therefore, to the question of whether the court had the authority to treat a motion to clarify as a motion to open in a situation such as this. The plaintiff objected that the defendant was using a motion to clarify improperly to request a modification of the property distribution. We acknowledge the plaintiff's argument to the extent that the court could not have "clarified" an order which never existed. The court was aware, though, of the limitations imposed by §§ 46b-81 (a) (requiring property divisions to be made at time of entry of dissolution decree) and 52-212a (permitting opening of judgments within four months of entry). It concluded that, rather than being bound by the caption of the motion, "the court must examine the practical effect of the ruling." *Jaser* v. *Jaser*, supra, 37 Conn. App. 202. The court determined that it did have the authority to correct its mistake of omission, because only a little more than two months had passed since the rendering of the dissolution judgment and the court was correcting an error of omission in which it failed to order a division of property as its findings warranted. We agree with the court's determination.

We note that, even though the defendant's motion was captioned "motion to clarify," "we look to the substance of the claim rather than the form . . . ." (Citation omitted; internal quotation marks omitted.) *Bower* v. *D'Onfro*, 45 Conn. App. 543, 547, 696 A.2d 1285 (1997), quoting *Whalen* v. *Ives*, 37 Conn. App. 7, 16, 654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995). We do not look to the precise relief requested, but to whether the request apprised the nonmovant of the purpose of the motion. *Clement* v. *Clement*, 34 Conn. App. 641, 646–47, 643 A.2d 874 (1994); see also *Bower* v. *D'Onfro*, supra, 548 (within court's discretion to grant plaintiff's requested relief by treating motion for clarification as motion for postjudgment interest). The court did have the authority to treat the defendant's motion to

clarify as a motion to open and to grant the defendant's requested relief where the defendant's motion (1) came within the four month period established by § 52-212a; (2) put the plaintiff on notice as to the effect of the relief requested despite the label affixed to the motion; see *Drahan* v. *Board of Education*, 42 Conn. App. 480, 489, 680 A.2d 316 ("[w]hen a case requires this court to determine the nature of a pleading filed by a party, we are not required to accept the label affixed to that pleading by the party"), cert. denied, 239 Conn. 921, 682 A.2d 1000 (1996); and (3) sought to correct an error of omission, and (4) the findings contained in Decision I clearly expressed the court's intent as to that property. While this holding might appear inconsistent with prior decisions regarding postjudgment modifications of property distributions; see, e.g., *Miller* v. *Miller*, supra, 16 Conn. App. 414–17; those cases can, in fact, be distinguished from and reconciled with the present one.

In *Miller*, we determined that the trial court did not have the authority to modify an award of lump sum alimony where the plaintiff had filed a motion for clarification rather than a motion to open. Id. *Miller* is distinguishable from the present case in that the trial court in *Miller* already had awarded the contested items of stock in its initial judgment but sought to order substitution of stock different from that awarded. Id. In the present case, although the court's factual findings were that the contested securities account should be shared by the parties, the judgment orders were completely silent as to that securities account. The plaintiff cited several cases standing for the proposition that a court does not have the authority to correct judicial error beyond the term of the court; *Goldreyer* v. *Cronan*, 76 Conn. 113, 116, 55 A. 594 (1903); or the term provided by statute for opening judgments. *Bunche* v. *Bunche*, 180 Conn. 285, 287–88, 429 A.2d 874 (1980). These cases, however, are distinguishable from the present case

because it is undisputed that the defendant's motion was filed within four months from the date of rendering of the dissolution judgment.

The main distinction between the present case and those cited by the parties is the type of error involved. The court in decision II stated quite candidly that "it is clear that the court intended to divide the [securities account] and that its omission from the order was an oversight." The fact that the order contained in decision II addressed property not distributed by the orders of decision I is significant. We find no authority for the plaintiff's argument that the court should not be allowed to correct an oversight where the court's orders were completely silent as to certain property even though the court's intent was clearly expressed in its written findings in decision I and where the court corrected itself upon the motion of a party filed within the term provided by statute or common law. In supplying in the orders of decision II what had been omitted by oversight but nonetheless found previously to be justly due to the defendant in decision I, the court is supplying one of the pieces of its "carefully crafted mosaic" which had fallen inadvertently by the wayside. See *Ehrenkranz* v. *Ehrenkranz*, 2 Conn. App. 416, 424, 479 A.2d 826 (1984). We conclude that the law does not prevent the exercise of the trial court's authority to correct an omission in orders transferring personal property in a manner completely consistent with its earlier findings as to its disposition if clearly brought to the attention of the court within four months by a motion which apprises all interested parties of the relief sought.

The judgment is affirmed.

In this opinion the other judges concurred.