[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTION TO MEMORANDUM OF DECISION (#156.10)
On October 23, 2002, the court rendered a Memorandum of Decision in the above matter, which dissolved the marriage of the parties and entered orders of alimony and child support, as well as an equitable division of the marital estate. As set forth therein, the court considered the evidence closed as of August 30, 2002, when the parties filed updated financial affidavits. Appended to the husband's affidavit was evidence of his net 2001 bonus as well as the disposition thereof. While information regarding the bonus was unavailable at the time of the original court trial, the court considered this asset to be marital property and an important part to the mosaic for equitable distribution. Following the entry of the judgment, on November 12, 2002, the wife again moved to reopen the evidence and asked the court to: (1) reconsider the tax impact of its decision on the wife and (2) to allocate a portion of the net bonus to the wife. On December 9, 2002, at a hearing thereon, the court denied that portion of the wife's request regarding the tax impact, it being specifically addressed in the judgment. However, in reviewing the file and listening to the argument of the parties, the court indicated that, not only that it had intended to divide the net bonus, but also, in fact, believed it had done so in the division of personal property. Moreover, following said review, the court indicated that in making its division, it mistakenly allocated the entire balance of one the husband's bank accounts to him, when, the evidence disclosed that the net bonus had been deposited therein. The court orally granted the second portion of the wife's motion, and indicated that it would correct the Memorandum of Decision consistent with the original intent, by awarding to the wife one-half the balance of the husband's Citibank checking account as shown on his financial affidavit dated August 29, 2002.
 FINDINGS
The court, after hearing, having considered the argument of the parties and having reviewed the file and the relevant evidence contained therein, hereby finds as follows: CT Page 16644
1. That following the initial close of evidence in January 2002, the husband received a bonus n the amount of $105,344.00; that a net sum after taxes was deposited in the husband's Citibank checking account #0090769859; that as of August 15, 2002, there was a balance in said account in the amount of $35,223.23; that said sum is marital property subject to equitable division; that in its Memorandum of Decision dated October 23, 2002, the court inadvertently awarded the entire contents of said account to the husband; that the court intended to take into account the receipt of the bonus in making its orders of equitable distribution; and that the division of property should be based upon the value of the marital estate as of the date of the dissolution. Sunbury v. Sunbury,216 Conn. 673, 676 (1990).
2. That the wife's Motion to Reopen and Reargue was filed within four (4) months of the judgment; that under the facts and circumstances of this case, the correction of the judgment is consistent with equity and the intention of the court with regard to the division of personal property and the entry of other financial orders; and that it is within the power of the court to correct a judicial error or omission within said time period. Rome v. Album, 73 Conn. App. 103, 113 (2002).
 ORDER
The plaintiffs Amended Motion to Reopen and Reargue dated November 12, 2002, is HEREBY GRANTED IN PART AND DENIED IN PART, and IT IS HEREBY ORDERED that the judgment of this court is HEREBY OPENED, and that paragraph 12 of the Order is HEREBY AMENDED and CORRECTED to read as follows:
12. Within thirty (30) days from the date of this order, the husband shall pay from his portion of the assets following division pursuant hereto, to the wife as and for a lump sum payment as follows: $20,000.00 within thirty (30) days from the date of this decree, and an additional $17,500.00 on before July 1, 2003. The intent of this order is to offset in part the husband's receipt and use of the monies from Derby Cycle, specifically, the $75,000 repayment of the investment, and not including the additional $15,000. As and for an additional lump sum. within thiry(30) days from the date hereof the husband shall a to the wife the sum of17,611.62. Meaning and intending hereby that the wife shall be entitledto said sum as a part of her equitable division of the marital property.specifically, one-half of the remainder of the husband's net bonus as ofAugust 29, 2002.
In all other respects, the judgment of the court dated October 23, CT Page 16645 2002, shall remain in full force and effect.
THE COURT
___________________ SHAY, J. CT Page 16646