EMPLOYERS REINSURANCE CORPORATION *v.*
ANTHONY L. MURO, JR., ET AL.
(AC 24392)
(AC 24393)
(AC 24394)

Foti, Bishop and Peters, Js.

Argued September 21—officially released December 21, 2004

*Thomas P. Willcutts*, with whom was *Douglas A. Cho*, for the appellants (defendant Robert LeFebvre et al.).

*Christopher B. Weldon*, with whom, on the brief, was *Darren P. Renner*, for the appellee (plaintiff).

### Opinion

BISHOP, J. The defendants Robert LeFebvre, Shirley LeFebvre, Louis Palizza, Marie Palizza, Mark Waxenberg and Mary Waxenberg (defendant clients)[1] appeal from the judgment of the trial court rendered after it granted the motion for summary judgment in favor of the plaintiff, Employers Reinsurance Corporation. On appeal, the defendant clients argue that in rendering summary judgment, the court improperly (1) ruled that certain advice from the defendant insurance agent, Anthony L. Muro, Jr., to the defendant clients to sell annuities and life insurance policies was not covered

---

[1] The defendants Robert Pitruzzello and Virginia C. Pitruzzello are not involved in this appeal. We refer in this opinion to the LeFebvres, the Palizzas and the Waxenbergs as the defendant clients. We refer to the defendant Anthony L. Muro. Jr., as Muro.

under Muro's professional liability insurance policy, and (2) ruled that Muro's advice to the defendant clients to purchase promissory notes was not covered under the policy because the notes were securities. We agree with the defendant clients' first claim and, therefore, reverse the judgment of the trial court.[2]

In ruling on the motion for summary judgment, the court found that the following facts were not in dispute. In 1997, 1998 and 1999, Muro was licensed to sell life insurance in Connecticut. During that time, Muro advised the defendant clients to sell all or part of their existing annuities and insurance policies (insurance products), and to purchase promissory notes from World Vision Entertainment, Inc., and Sebastian International Enterprises, Inc., with the proceeds from the sales. Shortly thereafter, the notes became valueless due to the insolvency, liquidation or bankruptcy of World Vision Entertainment, Inc., and Sebastian International Enterprises, Inc.

The defendant clients initiated separate lawsuits against Muro in which they claimed that they incurred losses from the sale of their insurance products and the purchase of promissory notes that later became worthless. Muro sought coverage under the professional liability policy he had purchased from the plaintiff through Midland National Life Insurance Company, Inc. The plaintiff initially defended the actions under a reservation of rights. On May 31, 2002, the plaintiff initiated an action for a declaratory judgment and requested the court to rule that Muro's alleged acts were not covered under the policy. The defendant clients, along with Robert Pitruzzello and Virginia C. Pitruzzello, joined the declaratory judgment action as party defendants. With the action pending, the parties

---

[2] Because we reverse the judgment on the basis of the defendant clients' first claim, we need not reach their second claim.

negotiated a partial settlement of their claims against Muro in which they liquidated the amount of the defendant clients' damages, and they agreed that the plaintiff would pay damages to the defendant clients if the court found that Muro's negligent conduct that caused the defendant clients' losses was covered under the terms of Muro's professional liability insurance policy with the plaintiff. As part of their stipulation, the defendant clients agreed not to pursue liability against Muro in his personal capacity. The plaintiff thereafter filed a motion for summary judgment in which it asserted that the claims made against Muro by the defendant clients were not covered under the professional liability policy or, in the alternative, that Muro's actions were specifically excluded from coverage under several policy exclusions. The court granted the plaintiff's motion on June 2, 2003, and rendered judgment for the plaintiff.[3] This appeal followed.

We initially set forth the applicable standard of review. "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Citations omitted;

---

[3] In its memorandum of decision, the court did not reach the issue of whether any policy exclusions applied.

internal quotation marks omitted.) *Allstate Ins. Co.* v. *Barron,* 269 Conn. 394, 405–406, 848 A.2d 1165 (2004).

On appeal, the defendant clients claim that the court improperly concluded that Muro's advice to sell the insurance products did not cause them to suffer any loss or damage. In its declaratory judgment complaint, the plaintiff asked the court for, inter alia, a "declaration that [the plaintiff] has no obligation to defend or indemnify Anthony Muro, Jr. for the underlying suits." In rendering judgment in favor of the plaintiff, the court ruled that Muro's advice to the defendant clients to sell their insurance products was not covered by the policy because any loss resulting from the sales was superseded by Muro's advice to purchase the promissory notes.[4]

In our assessment of whether the court correctly held that Muro's advice to the defendant clients to sell their insurance products was not covered under the policy, we look first to the policy itself. If the language of an insurance policy is unambiguous, the interpretation of the terms of the policy is a question of law over which we exercise plenary review. *Nationwide Mutual Ins. Co.* v. *Allen,* 83 Conn. App. 526, 537, 850 A.2d 1047, cert. denied, 271 Conn. 907, 859 A.2d 562 (2004). Here, the operative language is plain. By the terms of the policy, the plaintiff agreed to insure against any of Muro's negligent acts arising out of the conduct of his business as a licensed life, accident and health insurance agent.[5] It

---

[4] In its memorandum of decision, the court ruled: "The court construes the express inclusion of 'licensed' services to evidence the contracting parties' intent to restrict coverage to damages which flow directly from deficient performance of a licensable act rather than to allow coverage for consequential damages which occur because of the doing of subsequent unlicensed acts, such as the purchase of worthless promissory notes."

[5] The insurance contract between the plaintiff and Muro states in relevant part: "COVERAGE. The policy covers claims first made against the Insured and reported to the Corporation during the policy period and applicable extension period.

"(a) The Corporation agrees to pay on behalf of the Insured such loss . . . sustained by the Insured by reason of liability imposed by law for

is undisputed that Muro's advice to the defendant clients to sell insurance products they owned occurred in the course of his business as a licensed insurance agent.[6] In their actions against Muro, the defendant clients alleged that Muro's advice to sell insurance products caused them financial losses. In response to the plaintiff's declaratory judgment action, the defendant clients produced evidence that they had submitted claims for losses they incurred, including surrender charges, that were based solely on Muro's advice to sell. This claim patently falls within the coverage provisions of Muro's policy with the plaintiff. In rendering summary judgment on the ground that all of the defendant clients' losses were caused by their subsequent purchase of worthless promissory notes, the court improperly decided the factual question regarding the allocation of the defendant clients' losses. In short, whether the defendant clients suffered damage as a result of selling valuable insurance products or, in the alternative, whether their losses were caused solely by having followed Muro's advice to purchase worthless promissory notes presents a question of fact that is not appropriate for disposition by summary judgment. Because it is apparent that the plaintiff owed a duty of coverage for any of the defendant clients' damages that flowed from their sale of insurance products, the court should not have rendered summary judgment.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.

damages caused by any negligent act, error or omission by the insured agent . . . arising out of the conduct of the business of the insured agent in rendering services for others as a licensed life, accident and health insurance agent . . . ."

[6] We do not reach the question of whether Muro's advice to purchase the promissory notes is covered under the policy, nor do we endorse the court's ruling that only "licensed" acts are covered under the policy.